In order to make the confessions of a prisoner evidence to a jury, it should appear that he was not induced to make them from a hope of favor or compelled (261) by fear of injury.
As to the first confession made by the prisoner in this case, two circumstances are observable: first, he was told that any confessions he might make could not be given in evidence against him, because he was in custody; and, secondly, that if he made any, it would be more to his credit hereafter. I think the judge acted altogether right in rejecting, as evidence, these confessions, because they were made with the expectations of benefit *Page 156 
and under a belief that they could not afterwards be raised up in evidence against him. When these confessions were made, Smith, the prosecutor, was present, and the confessions which were afterwards made to him in jail appear to have been a continuance of these which were made as before observed upon. The prisoner, it is presumable, did not think that these would be used against him more than those first made. Indeed, it would seem a little strange that confessions made at one time should not be evidence, but a repetition of them afterwards should be; besides, it may be asked, why did the prisoner, by his last confessions, try to make others participate in his crime, unless it was therefrom to derive benefit and lighten his own burthen? I think these confessions were not of that voluntary character which the law requires they should be to make them legal evidence. The first and last made confessions appear to me to be of the same character. I am of opinion of new trial should be granted.